[Civ. No. 2330.    Second Appellate District, Division One.—March 28, 1919.]

## L. J. THOMAS, Respondent, v. NEWMARK GRAIN CO. (a Corporation), Appellant.

[1] CORPORATIONS — ACTION ON WRITTEN INSTRUMENT — AUTHORITY OF AGENT—PLEADING.—In an action against a corporation on a written instrument which appears to be in form a bill of exchange, but in effect answers to a promissory note, as defined in section 3245 of the Civil Code, alleged to have been executed by the person in charge of the business of such corporation, an allegation that such person in charge of the corporation's business had authority to execute the instrument is essential to show liability against such corporation.

APPEAL from a judgment of the Superior Court of Imperial County.    Franklin J. Cole, Judge.    Reversed.

The facts are stated in the opinion of the court.

A. M. Norton and Childers & Bruce for Appellant.

Galen Nichols for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff, presented on the judgment-roll alone.

[1]    We think that the appellant is right in its claim that the complaint in the case failed to state facts sufficient to constitute a cause of action.    It was first alleged that the appellant is a corporation organized under the laws of California and having and maintaining a place of business in the city of El Centro, county of Imperial.    These allegations followed: "That defendant F. A. Wolz is, and was during all the times mentioned in this complaint, the duly authorized and accredited and acting agent of the defendant Newmark Grain Co.; that said F. A. Wolz is, and was at all times mentioned in this complaint, in charge of the business of the defendant Newmark Grain Co., in the county of Imperial, and is, and was, in charge of the place of business of the said defendant in the city of El Centro, county of Imperial, state of California. That on the 9th day of June, 1915, for a valuable consideration, the said F. A. Wolz, as such agent at El Centro, said

county and state, made and executed a certain draft in words and figures as follows: 'El Centro 6/9/15 A No 197 Newmark Grain Co., Incorporated, 447 So. Los Angeles St., Los Angeles, Cal. Pay to the order of L. J. Thomas $600.00 six hundred & no/100 dollars. 18627 18627 F. A. Wolz,' and thereupon delivered said draft to the plaintiff herein." The fourth paragraph of the complaint alleged that the "draft" was presented for payment to appellant and payment refused, and that no part thereof had been paid. The written instrument set out in the complaint appears to have been executed by Wolz alone. Therefore, it was both necessary, in order to charge appellant, that it be made to appear that the instrument was executed on its behalf, and that Wolz possessed authority to execute the same. While it is stated that Wolz was "in charge of the business of defendant Newmark Grain Co. in the county of Imperial," and that "as such agent at El Centro" he made and executed the draft, there is no allegation showing that his authority as the person in charge of the defendant's business, whatever it might have been, included authority to execute a writing such as that sued upon. We think that such allegation was essential to show liability against this appellant. The instrument appears to be in form a bill of exchange, but in effect answering to a promissory note, as defined in section 3245 of the Civil Code.

The judgment appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.